FILED
MAY 17 2007
DAVID CREWS, CLERK
By_____ Deputy

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, MISSISSIPPI

Jimmy J. Vance, Individually and on Behalf
of the Wrongful Death Beneficiaries of
MILDRED VANCE, DECEASED                              PLAINTIFF

NDMS: 3:07CV062-D-A

V.                                    CIVIL ACTION NO. 2007-0041CVM

WINONA MANOR NURSING HOME, CENTENNIAL
HEALTHCARE PROPERTIES, MARVELL MORGAN
and JOHN and JANE DOES I-X                           DEFENDANTS

## COMPLAINT
*(Plaintiff Demands a Trial by Jury)*

COMES NOW the Plaintiff, Jimmy J. Vance, Individually and on behalf of the wrongful death beneficiaries of Mildred Vance, deceased, by and through her attorneys, and files this Complaint against Defendants and states as follows:

### PARTIES

1. The Plaintiff, Jimmy J. Vance is an adult resident citizen of Montgomery County, Mississippi, who resides in Kilmichael, Mississippi.

2. Defendant Winona Manor Nursing Home is a Mississippi Corporation in good standing and which does business in Mississippi, with a principal place of business at 627 Middleton Road, Winona, Mississippi 38961. This Defendant may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process, Corporation Service Company, 506 S. President Street, Jackson, Mississippi 39201.

3. Defendant Centennial Healthcare Properties is a foreign Corporation in good standing and which does business in Mississippi, with a principal place of business at 303 Perimeter Center North, Ste. 500, Atlanta, GA 30346. This Defendant may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process, CT Corporation System, 645

Lakeland Drive, Suite 101, Flowood, Mississippi 39232.

4. Defendant Marvell Morgan, who at all relevant times was the Administrator of Winona Manor Nursing Home, is an adult resident citizen of Mississippi, who may be served at her place of business 627 Middleton Road, Winona, Mississippi 38961.

5. The John and Jane Doe Defendants are potentially unknown entities, employees of Defendant Winona Manor Nursing Home, or other individuals or entities who are unknown to Plaintiffs and may be liable for the causes of action set forth herein.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties in the subject matter herein. This Court is the proper venue in the matter as certain of the Defendants are located in Montgomery County, Mississippi; further, this cause of action occurred or accrued within Leflore County, Mississippi.

7. Venue is proper in this county as set forth in Miss. Code Ann. § 11-11-3(3).

8. The Plaintiff provided proper notice to the Defendants in this suit at least 60 days before this Complaint was filed as required by Miss. Code Ann. § 15-1-36(15).

9. At all times relevant Winona Manor Nursing Home, owned and/or operated a nursing home which was established to and did provide shelter, food, custodial care and medical care to, as well as safety provisions for, aged and/or infirm persons.

10. Defendant Marvell Morgan, was at all relevant times Administrator of Winona Manor Nursing Home.

11. Defendant John or Jane Doe, was at all relevant times Director of Nursing of Winona Manor Nursing Home.

12. The other John and Jane Doe Defendants are other individuals or entities who are unknown to Plaintiffs and may be liable for the causes of action set forth herein.

## FACTS

13. The nursing home operated as Winona Manor Nursing Home receives payment and reimbursement from federal and state funds, including the Medicare program, and is subject to and bound by 42 U.S.C. § 1395, et seq., related statutes and regulations promulgated thereunder in 42 C.F.R. Part 483, as well as Mississippi law.

14. During the course of her stay at Winona Manor Nursing Home, Mildred Vance received medical care at, from and under the supervision of and pursuant to policies and procedures of the Defendants, and each of them.

15. At the time of her admission to the facility or facilities, Mildred Vance entered into a contract with the Defendants under which the Defendants agreed to provide medical treatment and care, personal care, supervision, medicine, nutrition, and other custodial, palliative and rehabilitation care pursuant to accepted standards within the community and pursuant to state and federal regulations.

16. Mildred Vance was 75 years old when she was first admitted to Winona Manor Nursing Home on January 31, 2004. Ms. Vance entered the facility with a diagnosis of congestive heart failure and bronchitis. Upon entering the nursing home, Ms. Vance was in need of therapy services, she was ambulatory and able to bear her weight upon standing, and was continent of urine and feces. Her communication skills were impaired by difficulty hearing and a slow ability to comprehend. She was alert and friendly and had no areas of skin breakdown, but did have some edema in the ankles and a bruise on her arm.

17. Ms. Vance fell after getting out of bed without assistance on April 29, 2004.

18. Ms. Vance fell again on May 7, 2004 and there is no documentation as to whether the MD or RP was ever notified of this fall.

19. Ms. Vance fell on August 5, 2005, and was found on the floor afterwards. She sustained a baseball sized hematoma to her forehead and a bruised knee.

20. On August 25, 2005, Ms. Vance was again found on the floor after a fall and had a knot on top of her head.

21. On September 1, 2005, she fell in her room.

22. On September 3, 2005, Ms. Vance fell in the bathroom and sustained a massive head injury. As a result of this fall, Ms. Vance was sent to the emergency room and died shortly thereafter.

23. The documentation of care regarding Ms. Vance is below standard. On numerous occasions, she demonstrates changes in condition that are not followed up on correctly. She had a very distinct change in neurological condition, on one occasion when it appears she had a stroke and there is nothing in her chart showing that she ever received the ordered CT following a possible cerebral vascular accident. Her change in condition was very dramatic but the documentation and follow through is not adequate or consistent.

24. On another occasion, Ms. Vance had a blood glucose level of 320 and the Director of Nursing instructed the LPN on duty not to give Ms. Vance her ordered insulin dosage. The MD was never notified of this. There is nothing in the chart to show why this dosage was withheld.

25. Ms. Vance was prescribed Atavan and Haldol for her "nerves." The documentation regarding this decision is not adequate. There are many other non-pharmocological interventions that should be tried prior to the use of these drugs. However, none are documented. There is also no planned approach for drug reduction. Ms. Vance suffered six falls while a resident and this should have prompted the interdisciplinary team to perform a drug review and make a serious effort to reduce anti-psychotic drug use.

## CLAIMS FOR RELIEF

## COUNT I – NEGLIGENCE, NEGLIGENCE *PER SE*, AND GROSS NEGLIGENCE

26.     The averments of paragraphs above are incorporated herein as if set forth at length below.

27.     At all times relevant hereto, Defendants acted, or failed to act, through their agents, servants and/or employees, and are legally liable for all harm caused by their negligence to Mildred Vance as set forth herein.

28.     At all times relevant hereto, Defendants and each of them, controlled and supervised the activities of all individuals charged with the care of Mildred Vance as averred herein, and had a duty to assure their compliance with Federal and State statutes, criminal laws, regulations and standards of care.

29.     At all times relevant hereto, Defendants' actions and inactions and those of its employees, agents or servants, as well as those residents for whom the Defendants were responsible, constituted breaches and violations of the standard of care which are set forth in applicable federal and state regulations pertaining to the standards and requirements for providing long term nursing care pursuant to 42 U.S.C. § 1396, et. seq. and related statutes and regulations promulgated thereunder in 42 C.F.R. Part 482, as well as Mississippi Law.

30.     The negligence of Defendants includes but is not limited to,

a)      the failure to properly chart;

b)      the failure to implement a care plan for Ms. Vance to cut down on her episodes of falling;

c)      all of the negligence and other actions, inactions, and breaches by the individual Defendants are also imputed to the corporate Defendants by way of respondeat

superior as individual Defendants were working under the direct and indirect supervision and direction of the corporate Defendants and whether actual or appearing agents.

31. At all times relevant to this Complaint, the Defendants knew or should have known that they had breached direct and non-delegable duties owed to Ms. Vance to use reasonable care in maintaining her health, maintaining safe and adequate facilities and equipment, to select and retain competent staff, to oversee all personnel who practice medical services within its premises as to patient care and to formulate and enforce adequate rules and policies to ensure quality care for patients. Neither Ms. Vance nor plaintiffs herein were aware of the negligence and/or medical impact of the matters alleged herein until the records and chart could be reviewed by a qualified expert for analysis. Plaintiffs trusted defendants with the proper care and treatment of Ms. Vance and Defendants breached their duty of care.

32. At all times relevant hereto, Defendants were on actual and constructive notice that Ms. Vance's physical condition placed her at risk for further problems. The Defendants' negligence proximately caused damage to Ms. Vance.

## COUNT II – WRONGFUL DEATH

33. The averments of paragraphs one through thirty-eight are incorporated herein as if set forth at length below.

34. The negligence, actions or inactions, and/or omissions of the Defendants was the proximate cause of Ms. Vance's death. This cause of action is expressly allowed under Miss. Code Ann. § 11-7-13.

## COUNT III – RESPONDEAT SUPERIOR

35. The averments of paragraphs one through forty are incorporated herein as if set forth

at length below.

36. Defendants, and each of them, are responsible for the acts and omissions including the negligence and gross negligence of its employees and agents under the theory of respondeat superior.

37. The negligence and gross negligence of Defendants which breached the standard of care owed to Mildred Vance, caused Ms. Vance great harm, damage and eventually death. Such negligence and gross negligence is imputed to the Defendants.

### COUNT IV – BREACH OF CONTRACT

38. The averments of paragraphs one through forty-three are incorporated herein as if set forth at length below.

39. At the time of her admission to Defendants and at all other times relevant, Mildred Vance had entered into a contract for the provision of medical and custodial service with Defendants which required them to provide her care and/or ensure that she was cared for within applicable standards.

40. By its actions and failures to so act, Defendant breached its contract with Mildred Vance.

41. As a result of said breaches of contract, Mildred Vance suffered harm as set forth herein.

### COUNT V – PUNITIVE DAMAGES

42. The averments of paragraphs one through forty-seven are incorporated herein as if set forth at length below.

43. Pursuant to Miss. Code Ann. § 11-1-65, punitive damages are warranted in the case at hand because the Defendants have, despite being on notice of Ms. Vance's vulnerability, acted

with such gross negligence that showed a willful, wanton, and/or reckless disregard for the safety of Mildred Vance. The Defendants' negligence proximately caused Ms. Vance's injuries and death. As custodians of her physical well-being, the Defendants were in the closest possible relationship with Ms. Vance. The harm caused was the most grievous imaginable, as it resulted in Ms. Vance's death.

44. At all times relevant hereto, the Defendants, through their staff and their conduct and omissions in failing to provide reasonable and standard medical and custodial care to Mildred Vance were grossly negligent and of such outrageous, egregious and offensive character and so offensive to community standards as to subject it to punitive damages.

45. Punitive damages are appropriate in this case because they will punish the Defendants and deter their negligence in the future.

## DAMAGES

46. As a direct and proximate result of the negligence and other actions, inactions, and omissions of the Defendants, which are detailed in the "Facts" and "Causes of Action" sections above, Mildred Vance, Jimmy J. Vance, and the wrongful death beneficiaries of Ms. Vance have suffered the following damages:

   a. Physical sickness, diminishment of health and medical expenses of Mildred Vance;

   b. Psychological and emotional trauma, distress, worry, anxiety, and mental suffering of Mildred Vance;

   c. Physical pain and suffering of Mildred Vance;

   d. Loss of enjoyment of life of Mildred Vance;

   e. Wrongful death;

   f. Funeral and burial expenses;

g. Medical expenses and health care costs;

h. Punitive damages, as set forth above; and

i. All other damages allowed by the laws of the State of Mississippi.

## DEMAND FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon a trial of this matter, a judgment will be returned in excess of the minimum jurisdictional limits of this Court, plus punitive damages, pre-judgment and post-judgment interest, all reasonable costs.

Respectfully submitted, this the _____ day of March, 2007.

                                          **Jimmy J. Vance, Individually and on Behalf of the Wrongful Death Beneficiaries of Mildred Vance, DECEASED - PLAINTIFF**

By: _____
       John F. Hawkins

**OF COUNSEL:**

John F. Hawkins, Esquire (MS Bar # 9556)
BARIA, HAWKINS & STRACENER, PLLC
129B South President Street
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580

Mark L. Pearson, P.A.
5 Old River Place, Suite 205
Jackson, MS 39202
Telephone: (601) 948-6822
Facsimile: (601) 969-5582

FILED
MAR 2 7 2007
JULIE H. HATCHER, CIRCUIT CLERK
BY: _____ D.C.

## ATTORNEY CERTIFICATE OF CONSULTATION

Pursuant to Mississippi Code Annotated Section 11-1-58(1)(a), the undersigned attorney has reviewed the facts of the case and has consulted with at lest one (1) expert who is qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to the standard of care or negligence. The undersigned attorney reasonably believes this expert is knowledgeable in the relevant issues involved in this particular action, and has concluded on the basis of such review and consultation that there is a reasonable basis for the continuation of the above-named action.

Respectfully submitted, this the 26th day of March, 2007.

JOHN F. HAWKINS